# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| In Re: | ) | Chapter 7 |
| | ) | No. 17-23522 |
| Marek Loza | ) | Hon. Deborah L. Thorne |
| | ) | Hearing Date: 03/22/2018 |
| Debtor | ) | Hearing Time: 10:00 a.m. |

**Reply of Forman Real Property, LLC to Loza's Response to Forman's Motion to Extend Date by Which to Object to the Debtor's Discharge and/or to Seek a Determination that the Debtor's Indebtedness is Non-Dischargeable**

Now comes creditor, Forman Real Property, LLC ("Forman"), by one of its attorneys, Chester H. Foster, Jr., and for its reply to *"Loza's Response to Forman's Motion to Extend Date by Which to Object to the Debtor's Discharge and/or to Seek a Determination that the Debtor's Indebtedness is Non-Dischargeable"* states as follows:

1. Forman's motion was timely filed, having been presented to the Court on March 8, 2018, four (4) days prior to the March 12, 2018 date that the Court had previously set as the deadline for the filing of objections to the Debtor's discharge and/or complaints seeking a determination that the Debtor's indebtedness to a creditor is non-dischargeable.

2. Forman has diligently pursued its rights before this Court with regard to its possible objection to the Debtor's discharge and/or seeking a determination that the Debtor's indebtedness to it is non-dischargeable.

3. The Debtor is the 50% owner of 2001 Fargo, Inc. ("Fargo"). Mr. Loza, who is an attorney, commenced a chapter 7 bankruptcy case for Fargo on August 1, 2017, which case was assigned to this Court as cause number 17-22972 (the "Fargo Case").

4. The Debtor's bankruptcy case (the "Loza Case") was filed on August 7, 2017 and was originally assigned to Judge Schmetterer.

5. Mr. Loza's indebtedness arises out of his personal guaranty of Fargo's indebtedness to Forman. Forman holds judgments against both Mr. Loza and Fargo in the approximate amount of $3.1 million.

6. The Fargo Section 341 meeting was scheduled for September 6, 2017. However, because Fargo failed to appear at the 341 Meeting. The 341 Meeting was continued to October 4, 2017.

7. The Debtor's Section 341 Meeting of Creditors was conducted on September 11, 2017.

8. On October 11, 2017, seven (7) days after the Fargo 341 meeting, Forman's counsel filed motions in both the Loza and Fargo Cases to take Mr. Loza's Rule 2004 Examination (the "Rule 2004 Motions"). Pursuant to the agreement that was reached with Mr. Loza and his personal attorney, Michael J. Worwag, it was agreed that Mr. Loza would simultaneously sit for a single Rule 2004 Examination for both the Loza and Fargo Cases. This agreement was referenced in the Rule 2004 Motions presented to this Court and to Judge Schmetterer in the Fargo Case.

9. When Judge Schmetterer learned of the Fargo Case, on October 20, 2017 Judge Schmetterer entered an Order transferring Forman's Rule 2004 Motion in the Loza Case and the Loza Case to Chief Bankruptcy Judge Hollis for reassignment to this Court. [Doc. No. 21]

10. On October 23, 2017, Judge Hollis reassigned Forman's Rule 2004 Motion in the Loza Case and the Loza Case to this Court. [Doc. No. 22]

11. On October 24, 2017, Forman filed its first motion seeking to extend the date by which it must file an objection to the Debtor's discharge and/or a complaint seeking a determination that the Debtor's indebtedness to is non-dischargeable (collectively the "Objection Deadlines"), which was noticed and heard by this Court on November 2, 2017. The motion was granted, extending the Objection Deadlines to January 12, 2018.

12. Pursuant to the document production request that was attached to the Rule 2004 Motions, Mr. Loza was requested to produce a number of documents individually and on behalf of Fargo. On December 7, 2017 Mr. Loza produced the documents requested.

13. Forman's counsel was not able to complete their examination of the documents produced by Mr. Loza and conduct his Rule 2004 Examination by the extended January 12, 2018 Objection Deadline. Accordingly, on January 9, 2018 Forman presented its second motion seeking to further extend the Objection Deadlines to March 12, 2018, which was granted.

14. On February 8, 2018, Mr. Loza sat for his Rule 2004 Examination. The transcript of Mr. Loza's examination was not received by Forman's counsel until February 22, 2018. Forman's counsel thereafter reviewed the transcripts, conducted some additional investigation relating to the matters discussed during Mr. Loza's Rule 2004 Examination and thereafter conferred with Forman.

15. On March 5, 2018, eleven (11) days after receiving the transcript of Mr. Loza's 2004 Examination, Forman filed its third motion seeking to further extend the Objection Deadlines to June 12, 2018.

16. Forman submits that, in light of the foregoing circumstances, it has acted diligently with regard to its possible objection to the Debtor's discharge and/or seeking a determination that the Debtor's indebtedness to it is non-dischargeable.

17. Mr. Loza devotes the first portion of his response to recounting the circumstances surrounding Forman's prosecution of its claims against Fargo, Mr. Loza and John Tomisa, the owner of the other 50% of the shares of Fargo. If Forman were to engage in a detailed recitation of the facts and circumstances surrounding the manner in which Fargo, Mr. Loza and Mr. Tomisa did everything in their power to hinder and delay Forman's efforts to pursue them and to ultimately procure judgements against them, it would be made clear to the Court that Forman acted diligently with regard to the prosecution of its claims. However, Forman submits that this in not the appropriate time for doing so. Suffice it to say that Forman's *alleged* lack of diligence in pursuing its claims

against Mr. Loza and his co-judgment debtor prior to the commencement of Mr. Loza's bankruptcy case, *which Forman disputes*, provides no basis for the Court to deny Forman the extension of the Objection Deadlines it is currently seeking before this Court.

18. Mr. Loza further argues that Forman should be denied the extension of the Objection Deadlines because, in Mr. Loza's opinion, Forman's *"ability to assert a § 523 claim is doubtful"* and *"[a]ll the events [Forman] identifies took place years ago, and Forman does not bother to explain why they are relevant to Loza's bankruptcy case."*

19. Forman is under no obligation to explain the legal theories under which it might seek to object to Mr. Loza's discharge under § 727 or to seek a determination that his indebtedness to Forman is non-dischargeable under § 523 of the Bankruptcy Code. If and when Forman choses to bring such an action against Mr. Loza, he will be afforded an ample opportunity to raise any and all defenses thereto that he feels are appropriate. However, now is not the time for doing so.

20. Nonetheless, in its pending motion seeking the further extension of the Objection Deadline, Forman has laid out certain information that was discovered during the examination related to transfers made by the Debtor to certain third parties that will require Forman to take the examination of those third party transferees, to determine whether there is a basis for Forman to object to the discharge and/or the dischargability of its claim against the Debtor. Clearly the additional matters that Forman seeks to investigate are relevant to Mr. Loza's bankruptcy case and will be relevant to Forman when it decides if it will pursue further litigation against Mr. Loza in this Court.

21. As opposed to perhaps prematurely bringing a § 523 or § 727 suit against Mr. Loza, Forman is attempting to proceed in a diligent and responsible manner to investigate the underlying facts before bringing any action.

22. For all of the foregoing reasons, Forman is asking that the Objection Deadlines be extended to June 12, 2018.

**WHEREFORE**, Forman Real Property, LLC, prays that this Court extend the deadline by which it may file a complaint objecting to the Debtor's discharge under the provisions of §727 of the Bankruptcy Code and/or seeking a determination that the Debtor's indebtedness to Forman is not dischargeable pursuant to the provisions of § 523 of the Bankruptcy Code to June 12, 2018 and that the Court grant it such further relief as the Court shall deem proper.

Respectfully Submitted,
Forman Real Property, LLC

By: */s/ Chester H. Foster, Jr.*
One of its Attorneys

Chester H. Foster, Jr.
Foster Legal services, P.L.L.C.
16311 Byron Drive
Orland Park, IL 60462
(708) 403-3800
ARDC# 03122632