UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 7 |
|---|---|
| **Marek Loza**, | Bankruptcy No. 17-23522 |
| Debtor. | Honorable Deborah L. Thorne |

## NOTICE OF MOTION

**Please take notice** that, on **May 22, 2018, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Deborah L. Thorne, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 613 of the United States Courthouse, at 219 South Dearborn Street, Chicago, Illinois, to present the **Respondents' Motion for Sanctions Against the Trustee and His Lawyer Under Rule 45(d)(1)**, a copy of which is included herewith and served upon you, at which time and place you may appear.

Dated: May 18, 2018

**Marek Loza, Loza & Associates P.C., Agnieszka Moore, John K. Tomsia, Michal Loza, Sebastian Miklowicz, Rava Consulting Co., Zygfryd Grabowski, ZG Services Inc., Dariusz A. Caputa,** and **Caputa & Associates Ltd.**

By: /s/ Jeffrey K. Paulsen
One of Their Attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
           jpaulsen@wfactorlaw.com

{00116836}

# CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, hereby certify that on May 18, 2018, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail on all other persons identified on the Service List.

/s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Chester H. Foster, Jr. | chf@fosterlegalservices.com, dbf@fosterlegalservices.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com, jpaulsen@ecf.inforuptcy.com |
| Steven R. Radtke | sradtke@chillchillradtke.com, sradtke@ecf.epiqsystems.com |
| Michael J. Worwag | mjworwag@gmail.com |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Marek Loza**, | Bankruptcy No. 17-23522 |
| Debtor. | Honorable Deborah L. Thorne |

### RESPONDENTS' MOTION FOR SANCTIONS AGAINST THE TRUSTEE AND HIS LAWYER UNDER RULE 45(D)(1)

A party or attorney responsible for a subpoena has a duty to avoid imposing undue burden or expense on the respondent. Steven Radtke, not individually but as chapter 7 trustee, (the "Trustee") and his attorney, Chester Foster, violated that duty in this case by issuing facially overbroad subpoenas and otherwise attempting to increase the respondents' burden. While they had hoped to simply avoid the issue by providing timely and relevant responses to the subpoena, Marek Loza, Loza & Associates P.C., Agnieszka Moore, John K. Tomsia, Michal Loza, Sebastian Miklowicz, Rava Consulting Co., Zygfryd Grabowski, ZG Services Inc., Dariusz A. Caputa, and Caputa & Associates Ltd. (the "Respondents") now must ask this Court to enforce the Trustee's duty by sanctioning the Trustee and his attorney.

### 1. BACKGROUND.

When the Trustee sought leave to examine the Respondents under Rule 2004, he attached a proposed subpoena rider to his motion. The Debtor objected to the Trustee's motion on grounds, among others, that his requests were overbroad and not proportionate to the needs of the case because they were blanket demands for "all documents" related to various subjects. Resp., ECF No. 47, at 8. The Court ultimately granted the Trustee's motion, but specifically stated that it was not pre-approving the Trustee's document requests and that the respondents would be free to raise objections.

{00116836}

Despite the Debtor raising the overbreadth of the requests in his response, the Trustee chose to plow ahead, serving the blanket requests without making any attempt to narrow them. The Trustee did not provide a time frame for documents, nor did he limit his production requests to transactions or affairs involving the debtors. He also asked every Respondent for every document on every subject, without regard for whether the Respondent had anything to do with the subject. For example, here is the Trustee's request relating to Administer Co., which he served on every Respondent:

> **A. Administer Co.**
>
> All books, records, documents and correspondence, including but not limited to email correspondence, relating to Administer Co [*sic*], including but not limited to:
>
> 1. All books, records, documents, and correspondence, including but not limited to email correspondence, relating to the formation of Administer Co. and all filings made on behalf of Administer Co [*sic*] with the Illinois Secretary of State or any other governmental agency;
> 2. All of Administer Co's [*sic*] state and federal tax returns and other filings made with any state or federal taxing agency;
> 3. All correspondence between (a) Administer Co [*sic*] and/or and of its officer, directors, shareholders, employees, attorneys, or agents and (b) Fargo and/or any of its officers, directors, shareholders, employees, attorneys and/or agents; and
> 4. All agreements to which Administer Co [*sic*] now is or in the past has been a party, including but not limited to agreements between (a) Administer Co [*sic*] and Loza & Associates, P.C. and/or Mr. Loza; and (d) Administer Co [*sic*] and Agnieszka.

*E.g.*, A. Moore's Subpoena Resp. (attached as Exhibit A).

Administer Co. has existed since 2002. It has business affairs that do not concern the Debtor at all, such as loans made to third parties secured by real estate and car dealer floor financing. Asking the Respondents to produce "all, books, records, documents and correspondence" relating to Administer Co. or "all agreements" that Administer Co. has ever been a party to is absurdly overbroad.

When they responded to the subpoenas, the Respondents objected to the overbreadth of the subpoenas—contrary to the Trustee's blatantly false statement that the Respondents did not object, Mot. to Compel, ECF No. 58, at ¶ 11—and produced documents responsive to the Trustee's more specific requests, such as paragraphs 1 to 4 of the Administer Co. request quoted above. *E.g.*, Ex. A.

After the Trustee sent his letter to the undersigned, the parties engaged in lengthy e-mail correspondence. The Trustee quotes only a portion of one of his e-mails, distorting the parties' discussion. A full copy of the parties' exchange is attached as Exhibit B.

In the correspondence, the Respondents explained again that the document requests were overbroad and asked the Trustee to "please identify specific documents or categories of documents you think should have been produced but were not." Ex. B, at 14–15. The Trustee refused and made clear that he really did want the Respondents to produce "all documents" without any limitations whatsoever, and insisted that the only possible way to resolve the dispute was for the Respondents to provide a detailed inventory of all possible documents that are responsive to his facially overbroad requests. Such an activity is wholly unnecessary and would be a waste of resources, and by insisting on this, the Trustee and his attorney are violating their duty to avoid imposing an undue burden or expense on the Respondents. Fed. R. Civ. P. 45(d)(1).

## 2. DISCUSSION.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1) (made applicable by Fed. R. Bankr. P. 9016). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

Here, the Trustee and his attorney issued a subpoena that is facially overbroad and unenforceable. In a stunning display of his lack of concern about his duty, the Trustee served every document request on every Respondent, regardless of whether the Respondent had any information about the subject area. Worse, the document requests were absurdly broad, requesting "all" documents regardless of time or whether they had anything to do with the Trustee's investigation.

Although the Respondents made a good faith effort to comply with the specific requests the Trustee made, the Trustee insists that the Respondents comply with his absurdly broad request for "all" documents. This has caused the Respondents to incur unnecessary legal fees corresponding with the Trustee and drafting and filing a response to the Trustee's motion to compel.

The Trustee's "offer" to resolve the parties' dispute further demonstrates his lack of concern about this obligations under Rule 45. Rather than narrowly tailor his requests, he insists that the Respondents, at their expense, file a motion with this Court and list all of the documents that might possibly fall under the Trustee's request for "all" documents.

In another example, despite multiple requests, the Trustee has refused to turn over to the Respondents documents he received from banks to which he sent subpoenas. A party issuing a subpoena has a clear obligation to turn over documents to other parties upon request. Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment ("Parties desiring access to information produced in

response to the subpoena will need to follow up with the party serving it or the person served to obtain such access. The rule does not limit the court's authority to order notice of receipt of produced materials or access to them. *The party serving the subpoena should in any event make reasonable provision for prompt access.*" (emphasis added)).

The Respondents are litigation targets, and they are about to appear for depositions. They are entitled to know what documents they may be examined about. Despite the Trustee's clear obligation, the Trustee has forced the Respondents to file a motion to compel turnover of the documents, again increasing the burden on the Respondents.

The Trustee will undoubtedly point to his agreement to take the depositions at a location convenient to the Respondents as evidence that he is not trying to increase costs. He characterizes this agreement as an "unsolicited courtesy." Mot. to Compel, ECF No. 58, at 8 n.2. In fact, this agreement came about only after and because the Debtor objected to the Trustee dragging all the Respondents to Orland Park for examinations.

The Respondents had hoped to avoid these types of motions and just get the Rule 2004 examination process over with. But the Trustee has at every step sought to increase rather than avoid burden on the Respondents, leaving them little choice. **Wherefore**, the Respondents respectfully request that this Court order the Trustee and his attorney to pay for their time and expenses, including legal fees, incurred in responding to the subpoenas in an amount to be awarded in a future order, and grant such further relief as is appropriate in the circumstances.

Dated: May 18, 2018            Respectfully submitted,

**Marek Loza, Loza & Associates P.C., Agnieszka Moore, John K. Tomsia, Michal Loza, Sebastian Miklowicz, Rava Consulting Co.,**

                                          **Zygfryd Grabowski, ZG Services Inc., Dariusz A. Caputa,** and **Caputa & Associates Ltd.**

                                          By: /s/ Jeffrey K. Paulsen
                                          One of Thier Attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
         jpaulsen@wfactorlaw.com