## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Chapter 7** |
| | ) | **No. 17-23522** |
| **Marek Loza** | ) | **Hon. Deborah L. Thorne** |
| | ) | **Hearing Date: 11/29/2018** |
| **Debtor** | ) | **Hearing Time: 10:00 a.m.** |

### NOTICE OF MOTION

TO:   See Attached Service List.

PLEASE BE ADVISED that on November 29, 2018 at 10:00 a.m. I shall appear before Bankruptcy Judge Deborah L. Thorne, Courtroom 613, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **"Trustees' Motion to Approve Settlement Agreement and Pay Special Counsel"**, a copy of which, along with a proposed Order, is attached hereto and hereby served upon you. You may appear at that time if you see fit.

*/s/ Chester H. Foster, Jr.*

### CERTIFICATE OF SERVICE

I, Chester H. Foster, Jr., certify that I caused a copy of the attached **"Trustees' Motion to Approve Settlement Agreement and Pay Special Counsel"** and notice thereof to be served upon all parties entitled to notice, including the person or entity to be examined pursuant to Local Rule 2004-1, as listed on the attached Service List on November 15, 2018.

*/s/ Chester H. Foster, Jr.*

Chester H. Foster, Jr.
Foster Legal services, P.L.L.C.
16311 Byron Drive
Orland Park, IL 60462
(708) 403-3800
ARDC# 03122632

# Service List
## Marek Loza
## No. 17-23522

| | |
|---|---|
| Patrick S Layng<br>United States Trustee<br>219 S. Dearborn Street<br>Suite 873<br>Chicago, IL 60604<br>USTPRegion11.ES.ECF@usdoj.gov | Served via ECF |
| Michael J Worwag<br>Worwag & Malysz PC<br>The Peoples Advocates<br>2500 E. Devon Ave #300<br>Des Plaines, IL 60018<br>mjworwag@gmail.com | *(Representing Debtor)*<br>Served via ECF &<br>U.S. Mail |
| Trustee<br>Steven R. Radtke<br>Chill, Chill & Radtke PC<br>79 W Monroe Street Suite 1305<br>Chicago, IL 60603<br>sradtke@chillchillradtke.com | Served via ECF |
| Marek Loza<br>703 N. Russel Street<br>Mount Prospect, IL 60056<br>marekloza@lozalaw.com | *(Debtor)*<br>Served via email &<br>U.S. Mail |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021 Norfolk, VA 23541<br>claims@recoverycorp.com | *(Creditor)*<br>Served via ECF |
| Jeffrey K. Paulsen<br>The Law Office of William J. Factor, Ltd<br>105 W. Madison, Suite 1500<br>Chicago, IL 60602<br>jpaulsen@wfactorlaw.com | *(Representing Debtor)*<br>Served via ECF &<br>U.S. Mail |

Label Matrix for local noticing
0752-1
Case 17-23522
Northern District of Illinois
Chicago
Wed Nov 14 16:04:17 CST 2018

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

TOYOTA MOTOR CREDIT CORPORATION
14841 Dallas Parkway, Suite 300
Dallas, TX 75254-7883

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

2001 Fargo Inc.
2500 E. Devon Avenue
Suite 200
Des Plaines, IL 60018-4953

Anna Jakubowski
fka Anna M Goralik
2828 Pearl St.
Franklin Park, IL 60131-2917

Asset Acceptance, LLC
Attn. Bankruptcy Dept.
PO Box 2036
Warren, MI 48090-2036

Baker, Miller, Markoff & Krazny
29 N. Wacker Drive
Suite 500
Chicago, IL 60606-3221

Blatt Hasenmiller Leibsker & Moore
125 S. Wacker Drive
Suite 400
Chicago, IL 60606-4440

CACH, LLC
Attn. First Step Group, LLC
6300 Shingle Creek Pkwy, Suite 220
Brooklyn Center, MN 55430-2162

CACH, LLC its successors and assigns as assi
of FIA Card Services, N.A.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Capital Management Services, LP
726 Exchange Street
Suite 700
Buffalo, NY 14210-1464

Capital One
Attn: Bankruptcy
PO Box 30253
Salt Lake City, UT 84130-0253

Chase Card
Attn: Correspondence Dept.
PO Box 15298
Wilmington, DE 19850-5298

Citibank N.A.
Attn. Bankruptcy Dept.
PO Box
Sioux Falls, SD 57117

Citibank, N.A.
Attn. Capital Manegement Services
698 1/2 S. Ogden Street
Buffalo, NY 14206-2317

Clerk of the Circuit Court of Cook
Attn. Bankruptcy Filing Notice
50 W. Washington Street
Chicago, IL 60602-1361

ComEd
Attn. Bankruptcy Dept.
4300 Winfield Road, Suite
Warrenville, IL 60555-4012

Crestwood Group LLC
Attn. Bankruptcy Dept.
PO Box 22928
Cleveland, OH 44122-0928

Discover Financial
Attn. Bankruptcy Dept.
PO Box 3025
New Albany, OH 43054-3025

Ditech
Attn: Bankruptcy
Po Box 6172
Rapid City, SD 57709-6172

Douglas R. Johnson, P.C.
77W. Wacker Drive
Suite 4800
Chicago, IL 60601-1664

FMS, Inc.
P.O. Box 707600
Tulsa, OK 74170-7600

Fidelity National Title Ins. Co
601 Riverside Ave
Jacksonville, FL 32204-2945

Financial Recovery Services, Inc.
Attn. Bankruptcy Dept.
P.O. Box 385908
Minneapolis, MN 55438-5908

First Bank Puerto Rico
Attn: Bankruptcy Dept.
9795 S Dixie Hwy.
Pinecrest, FL 33156-2806

Forman Real Property, LLC
680 N. Lake Shore Drive
Suite 1900
Chicago, IL 60611-4548

J.C. Christensen & Assoc.
P.O. Box 519
Sauk Rapids, MN 56379-0519

JPMorgan Chase Bank, N.A.
Attn. Bankruptcy Dept.
1 S. Northwest Hwy, Park Ridge LPO
Park Ridge, IL 60068

Kohls/Capital One
Attn: Bankruptcy
N56 W17000 Ridgewood Dr
Menomonee Falls, WI 53051-5660

LVNV Funding LLC
Attn. Bankruptcy Dept.
P.O. Box 10584
Greenville, SC 29603-0584

LVNV Funding, LLC its successors and assigns
assignee of HSBC Receivables
Acquisition Corporation (USA) IV
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Land Surveying Services Inc.
574 W. Colfax Street
Palatine, IL 60067-2530

Law Office of Douglas R. Johnson PC
77 W. Wacker Drive
Suite 4800
Chicago, IL 60601-1664

Medical Recovery Specialists LLC
2250 E. Devon Avenue
Suite 352
Des Plaines, IL 60018-4519

Midland Credit Mgmt., Inc.
Attn. Bankruptcy Dept.
PO Box 60578
Los Angeles, CA 90060-0578

Midwest Credit Management, Inc.
Attn. Bankruptcy Dept.
2365 Northside Drive, Suite 300
San Diego, CA 92108-2709

NES of Ohio
29125 Solon Road
Solon, OH 44139-3442

North Shore Agency
Attn. Bankrutpcy Dept.
PO Box 4945
Trenton, NJ 08650-4945

NorthShore University Health System
Attn. Billing / Bankruptcy Dept.
23056 Network Place
Chicago, IL 60673-1230

Northstar Location Services, LLC
4285 Genesee Street
Cheektowaga, NY 14225-1943

Old Republic National Title Ins
Legal Dept.
400 2nd Avenue S
Minneapolis, MN 55401-2406

Old Republic National Title Ins.
3000 Bayport Drive #1000
Tampa, FL 33607-8405

PNC Bank
Attn. Credit Collection Services
2 Wells Avenue
Newton Center, MA 02459-3225

(p)PINNACLE MANAGEMENT SERVICES
830 ROUNDABOUT
SUITE B
WEST DUNDEE IL 60118-2116

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quill.com
Attn. Bankruptcy Dept.
PO Box 37600
Philadelphia, PA 19101-0600

RAB Inc.
PO Box 34111
Memphis, TN 38184-0111

RMS
4836 Brecksville Road
PO Box 523
Richfield, OH 44286-0523

Robert Groszek, Esq.
3601 N. Pulaski Road
Chicago, IL 60641-3017

SRA Associates, Inc.
Attn. Bankruptcy Dept.
401 Minnetonka Road
Hi Nella, NJ 08083-2914

Scott Lowery Law Office, PC
1422 E. 71st Street
Suite B
Tulsa, OK 74136-5060

Stewart Title
Legal Dept.
217 E. Redwood St. #1375
Baltimore, MD 21202-3316

Stewart Title Guaranty Company
Attn. Bankruptcy Dept.
1980 Post Oak Blvd., Suite 710
Houston, TX 77056-3819

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank/Banana Republic
Attn: Bankruptcy
PO Box 956060
Orlando, FL 32896-0001

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

(p)TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

Tribune Products Co.
Attn. Bankruptcy Dept.
PO Box 21
Kenilworth, IL 60043-0021

Van Ru Credit Corporation
1350 E. Touhy Avenue
Suite 100E
Des Plaines, IL 60018-3337

| | | |
|---|---|---|
| Well-Key Urgent Care<br>Attn. Billing / Bankruptcy Dept.<br>PO Box 6430<br>Sevierville, TN 37864-6430 | Weltman, Weinberg & Reis Co.<br>323 W. Lakeside Ave.<br>Suite 200<br>Cleveland, OH 44113-1009 | Weltman, Weinberg & Reis Co., LPA<br>175 S. 3rd Street<br>Suite 900<br>Columbus, OH 43215-5166 |
| William M. Smith, Esq.<br>8102 W. 119th Street<br>Suite 150<br>Palos Park, IL 60464-3081 | Chester H Foster Jr<br>Foster Legal Services, PLLC<br>16311 Byron Drive<br>Orland Park, IL 60462-5632 | Jeffrey K. Paulsen<br>The Law Office of William J. Factor,<br>105 W. Madison, Suite 1500<br>Chicago, IL 60602-4602 |
| Marek Loza<br>703 N. Russel Street<br>Mount Prospect, IL 60056-2029 | Michael J Worwag<br>Worwag & Malysz PC<br>The Peoples Advocates<br>2 W. Talcott Rd., Suite 32<br>Park Ridge, IL 60068-5559 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |
| Steven R Radtke<br>Chill, Chill & Radtke PC<br>79 W Monroe Street Suite 1305<br>Chicago, IL 60603-4925 | | |

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 7** |
| | ) | **No. 17-23522** |
| **Marek Loza** | ) | **Hon. Deborah L. Thorne** |
| | ) | **Hearing Date: 11/29/2018** |
| **Debtor** | ) | **Hearing Time: 10:00 a.m.** |

### Trustees' Motion to Approve Settlement Agreement and Pay Special Counsel

Now come (a) Philip V. Martino (the "Fargo Trustee"), the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. in bankruptcy case number 17-22972 (the "Fargo Case") and (b) Steven R. Radtke (the "Loza Trustee" and collectively with the Fargo Trustee the "Trustees"), the duly appointed and acting Chapter 7 Trustee of Marek Loza in bankruptcy case number 17-23522 (the "Loza Bankruptcy Case"), by and through their attorney, Chester H. Foster, Jr., and hereby request the entry of an order (the "Approval Order") approving the settlement agreement the Trustees have entered into, subject to Court approval, pursuant to the terms of which (a) the Trustees, (b) Forman Real Property, LLC ("Forman") (c) 2001 Fargo Inc. ("Fargo"), and (d) First Security Savings Bank and Trust ("FSB" and collectively with the Trustees, Forman and Fargo the "Trustee Parties"), and (e) Marek Loza ("Mr. Loza") and will settle various claims that the Trustee Parties hold against Mr. Loza and certain other parties described below. In support of their motion (the "Motion"), the Trustees state as follows:

### Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 (a).

2. Venue is proper in this district pursuant to 28 U.S.C §§1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. §157 (b) (2).

4. The bases for the relief requested herein are 11 USC section 105 (a) and Fed. R. Bankr. P. 2002, 9006(c), 9007, and 9019.

{00128234} 1

**Background**

5.      2001 Fargo, Inc. ("Fargo") is the Chapter 7 Debtor in the Fargo Bankruptcy Case that was commenced on August 1, 2017.

6.      Mr. Loza is the Chapter 7 Debtor in the Loza Bankruptcy Case that was commenced on August 7, 2017.

7.      Forman is the holder of the largest claim against Fargo and Mr. Loza, which arises out of certain loans that FSB extended to Fargo (the "FSB Loans") for its acquisition of certain property located at 2001 to 2007 West Fargo Avenue and 7400 to 7412 North Damen Avenue in Chicago, Illinois (the "Fargo Property"). Mr. Loza personally guaranteed the FSB Loans, in connection with which Forman holds judgments against both Fargo and Mr. Loza in the approximate amount of $3.1 million.

8.      On March 29, 2018 each of the Trustees filed an application to retain Chester H. Foster, Jr. and his firm Foster Legal Services, PLLC ("Special Counsel") to represent the Trustees in connection with the Recovery Claims described below pursuant to the terms of the Retention Agreement attached hereto as **Exhibit 1** and **Exhibit 2**, which provide that said Special Counsel was to be paid a combined 33.33% of the gross proceeds of the settlement, plus reasonable costs. Pursuant to the Orders that are attached hereto as **Exhibits 3** and **Exhibit 4**, the Court authorized the Trustees to so retain said Special Counsel.

9.      On April 26, 2018, the Loza Trustee filed a "Motion to Obtain Credit / Enter Into Funding Agreement," (the "Funding Motion"), pursuant to which the Loza Trustee sought authorization to enter into a certain "Funding Agreement" with Forman Real Property, LLC ("Forman"), pursuant to the terms of which Forman remitted $20,000 to the Special Counsel, as a fund to reimburse the Special Counsel for all out-of-pocket expenses incurred by said Special Counsel in connection with his pursuit of the Recovery Claims (the "Expense Advance Fund").

{00128234}                                             2

Under the terms of the Funding Agreement, any unused portion of the Expense Advance Fund would be returned to Forman. The Court authorized the Loza Trustee to enter into the Funding Agreement. A copy of the Funding Agreement is attached hereto as **Exhibit 5,** and a copy of the order authorizing the Loza Trustee to enter into the Funding Agreement is attached hereto as **Exhibit 6.**

10. As set forth on **Exhibit 7** hereto, the Special Counsel has incurred a total of $2,500 in out-of-pocket reimbursable expenses for which he seeks reimbursement from the Expense Advance Fund. If the Court authorizes such reimbursement, the remaining $17,500 of the Expense Advance Fund should be returned to Forman pursuant to the terms of the Funding Agreement.

### Recovery Claims Addressed by the Settlement

11. The Trustees believe that they hold various claims (the "Recovery Claims") against (a) Loza, and (c) Agnieszka Dominika Moore; the Agnieszka Moore Trust Dated April 30, 2009; John Tomsia; Michal Loza; Sebastian Miklowicz; Rava Consulting Co.; Waldemar Wyszynski; BBL Enterprises, Inc.; Administer Co. and Loza & Associates P.C. (collectively the "Alleged Co-Defendants" and collectively with Loza the "Loza Parties") arising out of various alleged fraudulent transfers and actions incident thereto that were made by the Alleged Co-Defendants. Forman believes that, based upon Mr. Loza's continuing concealment of these transfers, Forman has a basis to object to Mr. Loza's discharge under the provisions of 11 U.S.C. §727(a)(7).

12. The Trustees believe that they can successfully obtain various recoveries from the Loza Parties relating to the Recovery Claims.

### Mediation

13. On September 20, 2018, the Trustees, Forman and Mr. Loza participated in a Mediation presided over by the Honorable Stuart A. Nudelman, (Ret.) as Mediator. At the conclusion of the day-long mediation session, the Trustees, Forman and Mr. Loza agreed upon the

{00128234}                                      3

terms of a settlement of the Recovery Claims, which have been memorialized in a settlement agreement between the Trustees, Forman, Fargo and Mr. Loza (the "Settlement Agreement"). A copy of the Settlement Agreement attached hereto as **Exhibit 8**.

### Settlement Terms

14. In summary, the terms of the Settlement Agreement provide as follows:

**A.** **Settlement Payments**. Mr. Loza will pay $630,000 to the Trustees in 2 installments payable as follows: $130,000 is to be paid to Mr. Loza's attorney Jeffrey K. Paulsen ("Mr. Paulsen") when the Settlement Agreement is executed and Mr. Loza will remit the remaining $500,000 of the Settlement Payment Amount to Mr. Paulsen on the Effective Date when the order approving the Settlement Agreement becomes final (the "Final Payment" and collectively with the Initial Payment the "Settlement Payments"). On January 2, 2019, Mr. Paulsen will remit the Settlement Payments to the Trustees. 80% of the Settlement Payments will be remitted to the Loza Trustee and 20% of the Settlement Payments will be remitted to the Fargo Trustee.

**B.** **Exchange of Releases**. The Trustee Parties and the Loza Parties will respectively release each other from all claims relating to (i) the Loza Bankruptcy Case, (ii) the Fargo Bankruptcy Case, (iii) the Recovery Claims, (iv) the 727/523 Claims, and (v) any claim relating to the two lawsuits Forman commenced denominated as cause number 2009 CH 50847 in the Circuit Court of Cook County, Chancery Division and cause number 2010 L 009256 in the Circuit Court of Cook County, Law Division, and (vi) any other claims that they owned or could have brought.

**C.** **Waiver of Claims**. The Loza Parties will waive all claims they hold against the Loza and Fargo Bankruptcy Cases.

**D.** **Forman's Non-Pursuit of 727/523 Claims**. The Trustee Parties will agree not to pursue any claims against the Loza Parties including but not limited to the 727/523 Claims.

{00128234}  4

E. **Non-Interference Agreement.** The Trustees, Loza and Fargo will agree not to oppose Forman's efforts to enforce any of its claims with regard to the real property located at 2001 to 2007 West Fargo Avenue and 7400 to 7412 North Damen Avenue in Chicago, Illinois, including but not limited to Unit 7400-3 and Unit 7404-3 thereof.

F. **Mr. Loza's Forfeiture of Settlement Payments.** Mr. Loza will forfeit any settlement payments made by him if (i) the Settlement Agreement is voided because the Approval Order is not entered within 90 days of the execution of the Settlement Agreement due to Mr. Loza having opposed the entry of the Approval Order; (ii) the Approval Order is entered but the Approval Order is thereafter, in connection with Loza's appeal of the entry of the Approval Order, (a) stayed (b) overturned, reversed or vacated by an appellate court, or (c) otherwise vacated, and/or (iii) Mr. Loza fails to make any of the Settlement Payments as and when due.

G. **Automatic Voiding of Settlement Agreement.** The Settlement will be voided if the Court does not enter the Approval Order within 90 days of the execution of the Settlement Agreement and/or the Approval Order is entered but it is thereafter stayed in connection with an appeal of the Approval Order, unless the Settlement Parties agree otherwise in writing.

H. **Optional Voiding of Settlement Agreement.** At the Trustees' option, the Settlement Agreement will become void if a bankruptcy petition is filed by or against any of the Loza Parties within 90 days of the entry of the Approval Order.

### Reasonableness of Agreed Settlement Terms

15. The Trustees believe that if they prevail on one or more of their Recovery Claims, the aggregate damages they may likely recover range from approximately $500,000 to $4 million.

16. Under the terms of the Settlement Agreement, the Trustees have agreed to accept

{00128234}　　　　　　　　　　　　　　5

$630,000 in satisfaction of Recovery Claims, which the Trustees believe falls within the range of reasonable recoveries under the circumstances of the matter. In arriving at this conclusion, the Trustees have taken the following factors into consideration:

    **A.** **Potential Limitations Problems.** The Loza Parties would interpose various statute of limitations defenses in opposition to the claims that are based upon events that took place more than 8 years ago.

    **B.** **Difficulty in Establishing Intent.** The majority of the Trustees' claims would require the Trustees to establish that the acts that form the basis of the Recovery Claims were taken with the actual intent to hinder, delay and defraud Mr. Loza's creditors, which would be difficult for the Trustees to do.

    **C.** **Lack of Documentation.** There is very little documentary evidence to support many of the Recovery Claims, which would have to be established through circumstantial evidence.

    **D.** **Collectability of Judgement.** Once the Recovery Claims have been reduced to a judgment, the Trustees may not be able to liquidate the judgment for substantially more than the agreed Settlement Payments.

17. In light of the foregoing circumstances, the Trustees believe that the proposed settlement is fair and falls within the range of a reasonable settlement of the Asset Recovery Claims.

### Forman Support of Settlement

18. Forman is a party to and fully supports the Settlement Agreement.

19. August 6, 2018 was set as the deadline by which Mr. Loza's creditors were required to file proofs of claim in the Loza Bankruptcy Case. Only three (3) claims were filed: (a) Forman filed a claim in the amount of $3,618,730.08, (b) CACH, LLC filed a claim in the amount of

$7,488.99, and (c) LVNV Funding, LLC filed a claim in the amount of $3,288.95. Thus, Forman's claim represents 99.70% of the filed claims in the Loza Bankruptcy Case[1].

20. December 31, 2018 has been set as the claims bar date in the Fargo Bankruptcy Case. In the schedules that Fargo filed with the Bankruptcy Court, Fargo listed 7 creditors holding claims in the aggregate amount of $3,237,878.27, inclusive of (a) Forman's claim, which Fargo listed in the amount of $3,120,248.77 and (b) Rava's claim, which Fargo listed in the amount of $650,000. Pursuant to the terms of the proposed Settlement Agreement, Rava has agreed to waive all claims it holds in the Fargo and Loza Bankruptcy Cases. Deducting Rava's scheduled claim, assuming that all other scheduled creditors file claims in the amounts listed in Fargo's schedules and limiting Forman's claim to the $3,120,248.77 scheduled by Fargo and not $3,618,730.08 that Forman would be expected to seek when it files its claim in the Fargo Bankruptcy Case, Forman's claim represents 96.37% of claims in the Fargo Bankruptcy Case.

21. Forman was represented and participated in the Mediation, was active in the negotiation of the settlement and is a party to the Settlement Agreement.

### Relief Requested

22. The Trustees are requesting that the Court approve the Settlement Agreement and authorize the Trustees to implement its terms.

23. The Court has broad discretion under Fed. R. Bankr. P. 9019(a) to approve the proposed Settlement Agreement provided it is in the best interest of the Debtors' estates. *See In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). The Court need not, however, "conclusively determine claim subject to compromise, nor find that the settlement constitutes the

---

[1] Mr. Loza recently amended his bankruptcy schedules in the Loza Bankruptcy Case to add a number of parties as creditors for "Notice" (the "Recently Scheduled Loza Creditors"). If the claims bar date set in the Loza Bankruptcy Case is extended to afford the Recently Scheduled Loza Creditors to file claims in the Loza Bankruptcy Case, Forman's share of the total claims filed in the Loza Bankruptcy Case would be somewhat reduced.

{00128234} 7

best results obtainable." *In re Apex Oil Co.*, 92 B.R. 847 (Bankr. E.D. Mo. 1988) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983). Similarly, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values and issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Co-Op, Inc.*, 886 F.2d 921, 929 (7th Cir. 1989). All that is required is for the Court to "canvas the issues to determine that the settlement does not fall 'below the lowest point in the range of reasonableness.' " *Apex Oil*, 92 B.R. at 867 (citation omitted).

24.     In considering a proposed compromise, the Court must consider: (i) the estate's probability of success in the litigation; (ii) the cost and complexity of the litigation; and (iii) the creditors' views on the settlement, although such views are not controlling. *American Reserve*, 841 F. 2d at 161-62; *Apex Oil*, 92 B.R. at 868.

25.     It is submitted that after applying the factors set forth above, the Court should conclude that entering into the Settlement Agreement is in the best interest of the Fargo and Loza Bankruptcy Estates, approve the Settlement Agreement and authorize the Trustees to implement it.

26.     The Trustees also believes that Special Counsel has earned his contingent fee: 33.33% of the gross amount of the recoveries realized by the Trustees for the benefit of the Loza and Fargo Bankruptcy Estates, ($210,000), which should be paid to him from the gross amount of the recoveries realized by the Trustees. The Loza Trustee shall pay 80% of the contingent fee in the amount of $168,000 out of the Loza Estate. The Fargo Trustee shall pay 20% of the contingent fee in the amount of $42,000 out of the Fargo Estate. The Trustees also believe that the Special Counsel has incurred $2,500 in out-of-pocket reimbursable expenses for which he should be reimbursed from the Expense Advance Fund and that the Special Counsel should be authorized to

{00128234}                                              8

return the remaining $17,500 of Expense Advance Fund to Forman pursuant to the terms of the Funding Agreement.

27. Pursuant to Bankruptcy Rule 2002 a motion to approve settlement must normally go out on 21 days' notice to creditors. However, pursuant to Bankruptcy Rule 9006(c) this Court may shorten that notice time as appropriate under the circumstances. Here, the Trustee requests that this Court shorten the notice period to 14 days, being notice of this Motion that has been given. Each of the Trustees and Forman, the Estates' overwhelming largest creditor participated in the negotiation of the Settlement Agreement to which Forman is a party.

28. All parties to the agreement seek to consummate the deal as soon as possible, and shortened notice is required for that purpose.

29. On November 15, 2018 (a) this Motion was electronically filed with the Court and notice thereof was provided electronically on that date, via the Court's ECF System, to the United States Trustee and all parties and entities, or their counsel, who have filed a notice of appearance through the Court's ECF System, and (b) this Motion and its Exhibits were mailed to all creditors and other parties in interest in the Fargo and Loza Bankruptcy Cases. The Trustees submit that such notice of this Motion was adequate and they request that, pursuant to the provisions of Bankruptcy Rule 9006(c) that the Court deem the notice of this motion that was provided to creditors sufficient under the circumstances.

30. The Trustees are requesting that the Court enter the Approval Order substantially in the form attached hereto as **Exhibit 9**.

WHEREFORE, the Trustees request that the Court enter the Approval Order substantially in the form attached hereto, and that the Court grant them such other relief as the Court deems just and proper.

{00128234}  9

Philip V. Martino, the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. in bankruptcy case number 17-22972

Steven R. Radtke, the duly appointed and acting Chapter 7 Trustee of Marek Loza in bankruptcy case number 17-23522

By: *s/Chester H. Foster, Jr.*
Their Attorney

Chester H. Foster, Jr.
16311 Byron Drive
Orland Park, IL 60462
(708) 403-3800
ARDC #03122632

{00128234}                                    10