## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into as of the ____ day of November, 2018 by and between (a) Steven R. Radtke ("Loza Trustee"), the duly appointed and acting Chapter 7 Trustee of the estate of Marek Loza in bankruptcy case number 17-23522 (the "Loza Bankruptcy Case"), (b) Philip V. Martino ("Fargo Trustee" and collectively with the Loza Trustee the "Trustees"), the duly appointed and acting Chapter 7 Trustee of the estate of 2001 Fargo, Inc. in bankruptcy case number 17-22972 (the "Fargo Bankruptcy Case"), (c) Forman Real Property, LLC ("Forman"), (d) First Security Trust and Savings Bank ("FSB") and collectively with the Trustees and Forman the "Trustee Parties"), (e) Marek Loza, the Chapter 7 Debtor in the Loza Bankruptcy Case ("Loza") and (f) 2001 Fargo Inc. ("Fargo" and, collectively with the Trustees and Forman the "Settlement Parties").

Whereas, Loza filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court") on August 1, 2017 (the "Loza Petition Date") thereby commencing the Loza Bankruptcy Case; and

Whereas, 2001 Fargo, Inc. ("Fargo") filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court on August 7, 2017 (the "Fargo Petition Date") thereby commencing the Fargo Bankruptcy Case; and

Whereas, the Loza Trustee is the duly appointed Chapter 7 bankruptcy trustee in the Loza Bankruptcy Case; and

Whereas, the Fargo Trustee is the duly appointed Chapter 7 bankruptcy trustee in the Fargo Bankruptcy Case; and

{00128237}   1



Whereas, the Trustees believe that they hold various claims (the "Recovery Claims") against (a) Loza, (b) Fargo, and (c) Agnieszka Dominika Moore Loza; The Agnieszka Moore Trust Dated April 30, 2009; John Tomsia; Michal Loza; Sebastian Miklowicz; Rava Consulting Co.; Waldemar Wyszynski; BBL Enterprises, Inc.; Administer Co. and Loza & Associates P.C. (collectively the "Alleged Co-Defendants" and collectively with Loza the "Loza Parties") arising out of various alleged transfers of property and actions incident thereto that were made by the Alleged Co-Defendants; and

Whereas, the Trustees have informed Loza that, if a mutually acceptable settlement agreement is not entered into by the Settlement Parties, which is approved by the Bankruptcy Court and fully implemented, the Trustees intend to file a lawsuit against the Loza Parties in order to obtain various recoveries from the Loza Parties under several legal theories; and

Whereas, Forman holds a $3.1 million judgment against Loza and Fargo; and

Whereas, Forman believes that a basis exists for Forman to successfully file an objection to Loza's discharge under the provisions of 11 U.S.C. 727 ("727 Claim") and/or to file a complaint seeking a determination that Loza's indebtedness to Forman is non-dischargeable under the provisions of 11 U.S.C. 523 ("523 Claim" and collectively with the 727 Claim the "727/523 Claims"), and

Whereas, Forman has informed Loza that, if a mutually acceptable settlement agreement is not entered into by the Settlement Parties, which is approved by the Bankruptcy Court and fully implemented, Forman intends to file an adversary complaint in the Loza Bankruptcy Case to pursue its 727/523 Claims; and

Whereas, the Loza Parties dispute the Trustees' Recovery Claims and Forman's 727/523 Claims; and

{00128237}　　　　　　　　　　　　　　　2

Whereas, this Settlement Agreement is intended to resolve all disputes that have arisen by and between (a) the Trustee Parties, on the one hand, and (b) the Loza Parties, on the other hand, whether or not the disputes and/or interests have been accurately described herein; and

Whereas, this Settlement Agreement is entered with the intention of bringing complete peace between the Trustee Parties and the Loza Parties; and

Whereas, Loza asserts that he has conducted himself at all times, and regarding all matters, in full compliance with his duties under the Bankruptcy Code; and

Whereas, the Settlement Parties have reached agreement pursuant to which the Trustees' Recovery Claims and Forman's 727/523 Claims will be resolved in consideration of a payment of money on the terms and conditions set forth herein;

Now, therefore, in consideration of the foregoing and the mutual promises contained herein, the Settlement Parties represent, warrant and agree as follows:

1. **Incorporation of Recitals.** The foregoing recitals are hereby referred to and deemed included in the Settlement Parties' agreements herein.

2. **Computation of Time.** Time periods in this Settlement Agreement are computed under Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

3. **Bankruptcy Court Approval.** This Settlement Agreement is subject to the approval of the Bankruptcy Court upon 21 days' notice as required by Rules 9019 and 2002(a)(3) of the Federal Rules of Bankruptcy Procedure. The Settlement Parties shall make a good faith effort to seek approval of this Settlement Agreement by the Bankruptcy Court after its execution, and the Trustees will so move within 14 days of its execution by all Settlement Parties. The Settlement Parties will cooperate in seeking approval of this Settlement Agreement from the Bankruptcy Court.

4. **Effective Date**. The "Effective Date" of this Settlement Agreement is date the Approval Order (defined in paragraph 14(A) below) becomes final and non-appealable.

5. **Settlement Payment**. Loza will pay the Trustees the sum of $630,000 (the "Settlement Payment Amount"). On or before the date this Settlement Agreement is executed by all parties, Loza will remit $130,000 of the Settlement Payment Amount (the "Initial Payment") to his attorney Jeffrey K. Paulsen ("Mr. Paulsen"). Each of the Settlement Payments will be paid by certified or cashier's check or wire transfer of immediately available funds. On the Effective Date, Loza will remit the remaining $500,000 of the Settlement Payment Amount to Mr. Paulsen (the "Final Payment" and collectively with the Initial Payment the "Settlement Payments"). Mr. Paulsen will immediately inform the Trustees and their attorney via email transmission upon his receipt of each of the Settlement Payments. Upon Mr. Paulsen's receipt of the Settlement Payments he will hold the Settlement Payments in trust for the benefit of the parties pursuant to the terms of this Settlement Agreement. On January 2, 2019, Mr. Paulsen will remit the Settlement Payments to the Trustees. All Settlement Payments shall be as provided in paragraph 6 below.

6. **Payment of Settlement Payments**. 80% of each of the Settlement Payments will be remitted to the Loza Trustee and 20% of each of the Settlement Payments will be remitted to the Fargo Trustee. All of the Settlement Payments will be made by way of certified or cashier's check or wire transfer of immediately available funds.

7. **Escrow Deposits**. Upon the execution of this Settlement Agreement, the Parties will cause the following documents (the "Escrow Deposit Documents") to be deposited with the Trustees' attorney, Chester H. Foster, Jr. as the Escrowee:

   a) Loza will execute and deposit with the Escrowee and cause each of the Alleged Co-Defendants to execute and deposit with the Escrowee the "Loza Party

{00128237}                                  4

Releases and Waiver of Claims" in the form attached hereto as **Exhibit 1**, pursuant to which the Loza Parties will be giving certain releases to the Trustee Parties and waive all claims they hold against the Loza Bankruptcy Estate and/or the Fargo Bankruptcy Estate;

b) The Trustee Parties will execute and deposit with the Escrowee the "Trustee Party Releases," in the form attached hereto as **Exhibit 2**, pursuant to which the Trustee Parties will be giving certain releases to the Loza Parties; and

c) The Trustee Parties and the Loza Parties will jointly execute and deposit with the Escrowee a "Non-Interference Agreement" in the form attached hereto as **Exhibit 3**, pursuant to which the Trustee Parties and the Loza Parties will agree to refrain from taking any actions to oppose Forman's efforts to enforce any of its claims with regard to the real property located at 2001 to 2007 West Fargo Avenue and 7400 to 7412 North Damen Avenue in Chicago, Illinois, including but not limited to Unit 7400-3 and Unit 7404-3 thereof.

8. **Escrow Distributions.** Upon Loza's timely payment of the last of the Settlement Payments, the Escrowee will make the following distributions:

a) The Loza Party Releases and Claims Waivers will be distributed to the Trustees and Forman;

b) The Trustee Party Releases will be distributed to the Loza Parties; and

c) The Non-Interference Agreement will be delivered to Forman's attorney.

9. **Covenant Not to Sue.** The Trustee Parties, on their own behalf and on behalf of their owners, officers, shareholders, affiliates, personal representatives, directors, attorneys, agents, successors and assigns, and each of them, hereby covenant to and agree that the Trustee Parties will not pursue any claims against the Loza Parties, including the 727/523 Claims, unless this Agreement is voided and held for naught and/or the Loza Parties are in default hereunder, in which case the Trustee Parties shall have the remedies set forth herein and as provided by law.

10. **Extension of 727/523 Claims Deadline.** As soon as possible after the execution of this Settlement Agreement, Forman will move the Loza Bankruptcy Court to enter an order extending the deadline by which Forman may file a complaint objecting to Loza's discharge

{00128237}                                              5

under the provisions of Section 727 of the Bankruptcy Code and/or seeking a determination that the Debtor's indebtedness to Forman is not dischargeable pursuant to the provisions of Section 523 of the Bankruptcy Code to the seventh day after the Effective Date (the "Objection Extension Request"). Loza will agree not to object to the Objection Extension Request.

**11.    Loza Default.** If Loza fails to make any of the Settlement Payments as and when due, and unless the Settlement Parties agree otherwise in writing:

  a) Mr. Paulsen will remit to the Trustees all of the Settlement Payments he has received;

  b) The Escrowee will return the Escrow Deposit Documents to the parties that had deposited them with him, provided however the Non-Interference Agreement shall be forwarded to Forman's attorney and the same shall remain in full force and effect;

  c) The Trustees may pursue the Recovery Claims against the Loza Parties, provided, however, that the Settlement Payment Amount shall be credited against any judgment the Trustees obtain on the Recovery Claims; and

  d) Forman may pursue Forman's 727/523 Claims against Loza.

**12.    Events that void this Settlement Agreement.**

  **A.    Approval Order Not Entered or Stayed.** Unless the Settlement Parties agree otherwise in writing, this Settlement Agreement and the Settlement Parties' obligations hereunder shall be null and void if (i) the Bankruptcy Court does not enter an order approving this Settlement Agreement (the "Approval Order") within 90 days of the execution of this Settlement Agreement; (ii) the Approval Order is entered but it is thereafter stayed in connection with an appeal of the Approval Order, (iii) the Approval Order is overturned, reversed or vacated by an appellate court, or (iv) the Approval Order is otherwise vacated.

  **B.    Another Person Objects to Loza's Discharge.** This Settlement Agreement and the Settlement Parties' obligations hereunder shall be null and void if any person

{00128237}    6

or entity other than one or more of the Loza Parties or one or more of the Trustee Parties objects to Loza's discharge, unless and to the extent that the Settlement Parties agree to the contrary in writing.

**C.    Commencement of Bankruptcy by the Loza Parties.** If a bankruptcy petition is filed by or against any of the Loza Parties within 90 days from the Effective Date, the Trustees will have the right, but not the obligation, to cause this Settlement Agreement to become null and void by serving notice of their intent to do so on the other Settlement Parties on or before the 97th day following the Effective Date.

**13.    Return of Settlement Payments.** If this Settlement Agreement is voided pursuant to the provisions of paragraph 12 of this Settlement Agreement, within 14 days Mr. Paulsen and/or the Trustees will return all of the Settlement Payments to Loza, unless:

(a)    the reason this Settlement Agreement is voided is because the entry of the Approval Order is not entered within 90 days of the execution of this Settlement Agreement due to Loza having opposed the entry of the Approval Order; and/or

(b)    the Approval Order is entered but the Approval Order is thereafter, in connection with Loza's appeal of the entry of the Approval Order, (i) stayed (ii) overturned, reversed or vacated by an appellate court, or (iii) otherwise vacated.

In either such case, Mr. Paulsen will remit all of the Settlement Payments he has received to the Trustees and/or the Trustees will retain all of the Settlement Payments the Trustees have received.

The foregoing obligation of the Trustees and Mr. Paulsen to so return the Settlement Payments to Loza if this Settlement Agreement becomes null and void is an independent undertaking within this Settlement Agreement, and shall be an absolute and unconditional obligation of the Trustees irrespective of any claim or defense they have or may have against

{00128237}                                    7

Loza, or the Alleged Co-Defendants and without any right of the Trustees not to do so, including but not limited to the rights of offset and recoupment.

**14.    Return of Escrow Deposits.** If this Settlement Agreement is voided pursuant to the provisions of paragraph 12 of this Settlement Agreement, within 14 days the Escrowee will return the Escrow Deposit Documents to the parties who deposited the documents with the Escrowee.

**15.    Vacation of Loza Discharge.** If this Settlement Agreement is voided pursuant to the provisions of paragraph 12 of this Settlement Agreement, any discharge that Loza will have been granted will be vacated and the date by which Forman may file an objection to the Debtor's discharge will be extended to the seventh day after the Trustees elect to void the Settlement Agreement.

**16.    Trustee's Distribution of Settlement Payments.** The Trustee will hold all Settlement Payments until the 97th day following the Effective Date.

**17.    Trustee Exculpation.** This Settlement Agreement is executed on behalf of the Loza and Fargo Bankruptcy Estates by Steven R. Radtke and Philip V. Martino, not personally or individually, but solely in their capacity as the chapter 7 trustees of the Loza and Fargo Bankruptcy Estates, in the exercise of the power and authority conferred upon and vested in them as the trustees of such Estates. Loza, for himself, and on behalf of his successors and assigns, and any other person or entity claiming any rights through him to this Settlement Agreement, agrees that no personal liability or responsibility is assumed by, shall attach to, or shall at any time be asserted or enforced against the Trustees personally or individually, and/or against their attorneys, with all such personal liability, if any, being expressly waived and released by Loza.

18. **Modification and Amendments.** This Settlement Agreement may not be modified or amended except by an instrument or instruments in writing signed by the party or parties against whom enforcement of any such modification or amendment is sought.

19. **Non-Waiver of Rights.** The failure of any of the Settlement Parties to enforce at any time any provision of this Settlement Agreement will not be construed to be a waiver of such provision, nor in any way to affect the validity of this Settlement Agreement or any part hereof or the right of such Settlement Parties to thereafter enforce each and every such provision. No waiver of any breach of this Settlement Agreement will be held to constitute a waiver of any other or subsequent breach.

20. **Notices.** All notices or documents permitted or required hereunder shall be deemed given or delivered when delivered personally or when sent by registered mail or certified mail or national messenger delivery service that tracks the delivery of those articles placed in its hands for delivery, such as Federal Express, and addressed to the parties and their attorneys as follows:

|  |  |
|---|---|
| To the Loza Trustee with Copy to Trustee's Attorney: | Steven R. Radtke<br>Chill, Chill & Radtke PC<br>79 W Monroe Street, Suite 1305<br>Chicago, IL 60603 |

| | |
|---|---|
| To the Fargo Trustee with Copy to Trustee's Attorney: | Philip V. Martino<br>Quarles & Brady<br>300 N. LaSalle<br>Suite 4000<br>Chicago, IL 60654 |
| To the Trustees' Attorney: | Chester H. Foster, Jr.<br>Foster Legal Services, PLLC<br>16311 Byron Drive<br>Orland Park, Illinois 60462 |
| To Loza, Fargo, or Loza & Associates, P.C., with a Copy to Loza's Attorney: | Marek Loza<br>703 N. Russel Street<br>Mount Prospect, IL 60056 |
| To Loza's Attorney: | Jeffrey K. Paulsen<br>FactorLaw<br>105 W. Madison, Suite 1500<br>Chicago, IL 60602 |
| To Forman: | Forman Real Property, LLC<br>Attention Donald Vitek<br>680 N. Lake Shore Drive, 19th Floor<br>Chicago, IL 60611 |
| To FSB: | First Security Trust and Savings Bank<br>7315 Grand Avenue<br>Elmwood Park, Illinois 60707 |
| To Forman's and FSB's Attorney: | William M. Smith<br>William M. Smith & Associates<br>1038 N. LaSalle Drive, Suite East<br>Chicago, Illinois 60610 |

**21.   Additional Documents.** The Settlement Parties agree to execute and deliver such other reasonable documents and agreements as may be necessary or useful in fulfilling their obligations hereunder.

**22.   No Admissions.** This Settlement Agreement has been executed by each of the Settlement Parties for purposes of settlement and resolution of the Settlement Parties' disputes and to resolve all matters as between the Settlement Parties. Nothing in this Settlement

{00128237}                                    10

Agreement shall be deemed or construed as an admission or concession of wrongdoing or liability on the part of any Party.

23.   **Entire Understanding.** This Settlement Agreement contains the entire understanding of the Settlement Parties with regard to the subject matter contained herein and supersedes all prior agreements, understandings or intents between the parties concerning the issues addressed and resolved herein, and the Settlement Parties agree that it shall be interpreted in the case of any dispute or question about its terms only within its four corners and all the Settlement Parties hereby acknowledge that the cardinal purpose of this Settlement Agreement is to bring complete peace between the Trustee and the other Settlement Parties.

24.   **Headings.** The Headings utilized in this Settlement Agreement are for the Settlement Parties' convenience only and are not intended as substantive.

25.   **Benefit of Counsel.** Each Party acknowledges that it has had the benefit of counsel of its choice in connection with the negotiation, drafting, and entry into this Settlement Agreement, that each party has had input into the drafting of this Settlement Agreement, and therefore that this Settlement Agreement shall be interpreted without regard to rules of construction that would construe any ambiguities against the party who drafted this Settlement Agreement.

26.   **Counterparts.** This Settlement Agreement may be executed in one or more counterparts and shall become effective when one or more counterparts have been signed by each of the Settlement Parties, including in digital format.

27.   **Authority to Execute.** Each person whose signature is affixed hereto in a representative capacity represents and warrants that he or she is authorized and empowered to

execute this Settlement Agreement on behalf of, and to bind, the person or entity on whose behalf his or her signature is affixed.

28.    **Consent to Bankruptcy Court Adjudication.** To the extent the Bankruptcy Court has jurisdiction, all of the Settlement Parties agree that the Bankruptcy Court will have authority to adjudicate any dispute concerning the terms of this Settlement Agreement and the enforcement thereof, which dispute may be submitted to the Court by way of a motion without the need to commence an adversary proceeding with regard to any such dispute, including, but not limited to, any Settlement Party's assertion that another party has refused or declined to execute a further reasonably requested document.

In Witness Whereof, the Settlement Parties have caused this Settlement Agreement to be executed as of the date specified on the first page above.

---

| | |
|---|---|
| Steven R. Radtke, Trustee, not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of Marek Loza | Philip V. Martino not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. |
| | Forman Real Property, LLC, |
| _____ | By: _____ |
| Marek Loza | Its: _____ |
| 2001 Fargo Inc. | First Security Trust & Savings Bank |
| By: | By: _____ |
| _____ | Its: _____ |
| Its: | |

{00128237}         12

## LOZA PARTY RELEASE AND WAIVER OF CLAIMS

For One Dollar ($1.00) and other good and valuable consideration and pursuant to the provisions of that certain Settlement Agreement ("Settlement Agreement") entered into as of November __, 2018 by and between (a) Steven R. Radtke ("Loza Trustee"), the duly appointed and acting Chapter 7 Trustee of Marek Loza in bankruptcy case number 17-23522 (the "Loza Bankruptcy Case"), (b) Philip V. Martino ("Fargo Trustee" and collectively with the Loza Trustee the "Trustees"), the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. in bankruptcy case number 17-22972 (the "Fargo Bankruptcy Case"), (c) Forman Real Property, LLC ("Forman"), (d) Marek Loza ("Loza"), and (e) 2001 Fargo Inc. ("Fargo" and, collectively with the Trustees and Forman the "Settling Parties"), each of the Loza Parties, as defined below, subject to and except as provided in the Settlement Agreement, hereby release each of the Trustee Parties, as defined below, from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, and whether based on any federal law, state law, foreign law, common law or otherwise, foreseen or unforeseen, matured or un-matured, fixed or contingent; inchoate or not inchoate, known or unknown, accrued or not accrued based upon any acts, omissions, conduct or other matters occurring prior to the Effective Date arising from, under, or in connection with, or otherwise in any way relating to (i) the Loza Bankruptcy Case, (ii) the Fargo Bankruptcy Case, (iii) the Recovery Claims, (iv) the 727/523 Claims, and (v) any claim, counterclaim or affirmative defense relating to the two lawsuits Forman commenced denominated as cause number 2014 CH 50847 in the Circuit Court of Cook County, Chancery Division and cause number 2010 L 009256 in the Circuit Court of Cook County, Law Division and waive any claim they hold against and would be entitled to file in the Loza Bankruptcy Case and/or the Fargo Bankruptcy Case.

Notwithstanding the other terms of this this Loza Party Release and Waiver of Claims to the contrary, this Loza Party Release and Wavier will be void and of no effective if the Settlement Agreement is voided pursuant to the provisions of paragraph 12 of the Settlement Agreement.



As used herein the "Loza Parties" means (i) Loza, (ii) Agnieszka Dominika Moore; (iii) the Agnieszka Moore Trust Dated April 30, 2009; (iv) John Tomsia; (v) Michal Loza; (vi) Sebastian Milkowicz; (vii) Rava Consulting Co.; (viii) Waldemar Wyszynski; (ix) BBL Enterprises, Inc.; (x) Administer Co., and (xi) Loza & Associates P.C.

As used herein, the "Trustee Parties" means: (i) the Loza Trustee, (ii) the Fargo Trustee, (iii) Forman, (iv) First Security Trust and Savings Bank, (v) Fargo and (vi) any and all of their respective predecessors, heirs, successors, assigns, parents, subsidiaries and affiliated entities, past and present, and any and all of their respective past and present officers, directors, shareholders, members, managers, employees, agents, partners, insurers, attorneys, representatives.

Capitalized terms used but not otherwise defined in this Release shall have the meanings ascribed to them in the Settlement Agreement.

Dated: _____

_____  _____
Marek Loza                    Sebastian Milkowicz;

_____  _____
Agnieszka Dominika Moore       John Tomsia

The Agnieszka Moore Trust      Rava Consulting Co
Dated April 30, 2009

By: _____   By: _____
         Its Trustee           Its: _____

_____  _____
Michal Loza                   Waldemar Wyszynski

BBL Enterprises, Inc.         Administer Co.

By: _____   By: _____
Its: _____   Its: _____

                              Loza & Associates P.C.

                              By: _____
                              Its: _____

## TRUSTEE PARTY RELEASES

For One Dollar ($1.00) and other good and valuable consideration, and pursuant to the provisions of a Settlement and Release Agreement (the "Settlement Agreement") entered into as of November __, 2018 by and between (a) Steven R. Radtke (the "Loza Trustee"), the duly appointed and acting Chapter 7 Trustee of Marek Loza in bankruptcy case number 17-23522 (the "Loza Bankruptcy Case"), (b) Philip V. Martino ("Fargo Trustee" and collectively with the Loza Trustee the "Trustees"), the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. in bankruptcy case number 17-22972 (the "Fargo Bankruptcy Case"), (c) Forman Real Property, LLC ("Forman"), (d) Marek Loza ("Loza"), and (e) 2001 Fargo Inc. ("Fargo") each of the Trustee Parties, as defined below, hereby release each of the Loza Parties, as defined below, from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, and whether based on any federal law, state law, foreign law, common law or otherwise, foreseen or unforeseen, matured or unmatured, fixed or contingent; inchoate or not inchoate, known or unknown, accrued or not accrued based upon any acts, omissions, conduct or other matters occurring prior to the Effective Date arising from, under, or in connection with, or otherwise in any way relating to (i) the Loza Bankruptcy Case, (ii) the Fargo Bankruptcy Case, (iii) the Recovery Claims, (iv) the 727/523 Claims, (v) any claim relating to the two lawsuits Forman commenced denominated as cause number 2009 CH 50847 in the Circuit Court of Cook County, Chancery Division and cause number 2010 L 009256 in the Circuit Court of Cook County, Law Division, and (vi) any other claims that the Loza bankruptcy estate or Fargo bankruptcy estate owned or could have brought; provided however that nothing herein shall release or discharge any *in rem* action, claim or demand

{00128230}



EXHIBIT 2

that Forman shall or may have with regard to any collateral that may be the subject of said lawsuits and any proceedings related thereto, including but not limited to a lien, mortgage, citation lien or interest in the property located at 2001 to 2007 West Fargo Avenue and 7400 to 7412 North Damen Avenue in Chicago, Illinois, including but not limited to Unit 7404-3 and 7400-3, thereof.

Notwithstanding the other terms of this Trustee Parties Releases to the contrary, this Trustee Parties Releases will be void and of no effective if the Settlement Agreement is voided pursuant to the provisions of paragraph 12 of the Settlement Agreement.

As used herein the "Trustee Parties" means (i) the Loza Trustee, (ii) the Fargo Trustee, (iii) Forman, (iv) First Security Trust and Savings Bank, (v) Fargo, and (vi) any and all of their respective predecessors, heirs, successors, assigns, parents, subsidiaries and affiliated entities, past and present, and any and all of their respective past and present officers, directors, shareholders, members, managers, employees, agents, partners, insurers, attorneys, representatives.

As used herein, the "Loza Parties" means: (i) Loza, (ii) Agnieszka Dominika Moore; (iii) the Agnieszka Moore Trust Dated April 30, 2009; (iv) John Tomsia; (v) Michal Loza; (vi) Sebastian Milkowicz; (vii) Rava Consulting Co.; (viii) Waldemar Wyszynski; (ix) BBL Enterprises, Inc.; (x) Administer Co., and (xi) Loza & Associates P.C. and (xi) any and all of their respective predecessors, heirs, successors, assigns, parents, subsidiaries and affiliated entities, past and present, and any and all of their respective past and present officers, directors, shareholders, members, managers, employees, agents, partners, insurers, attorneys, representatives.

{00128230}

Capitalized terms used but not otherwise defined in this Release shall have the meanings ascribed to them in the Settlement Agreement.

Dated: _____

---

Steven R. Radtke, Trustee, not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of Marek Loza

Forman Real Property, LLC

By: _____
Its: _____

2001 Fargo Inc.

By: _____
Philip V. Martino not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc.

---

Philip V. Martino not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc.

First Security Trust and Savings Bank

By: _____
Its: _____

{00128230}

## Non-Interference Agreements

Pursuant to the provisions of that certain Settlement Agreement ("Settlement Agreement") entered into as of November __, 2018 by and between (a) Steven R. Radtke ("Loza Trustee"), the duly appointed and acting Chapter 7 Trustee of Marek Loza in bankruptcy case number 17-23522 (the "Loza Bankruptcy Case"), (b) Philip V. Martino (the "Fargo Trustee" and collectively with the Loza Trustee the "Trustees"), the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. in bankruptcy case number 17-22972 (the "Fargo Bankruptcy Case"), (c) Forman Real Property, LLC ("Forman"), (d) each of the Loza Parties, as defined below, and (e) 2001 Fargo Inc. ("Fargo') hereby agree that they will refrain from taking any actions to oppose Forman's efforts to enforce any of its claims with regard to the real property located at 2001 to 2007 West Fargo Avenue and 7400 to 7412 North Damen Avenue in Chicago, Illinois, including but not limited to Unit 7400-3 and Unit 7404-3 thereof (the "Non-Interference Agreements").

As used herein the "Loza Parties" means (i) Marek Loza, (ii) Agnieszka Dominika Moore; (iii) the Agnieszka Moore Trust Dated April 30, 2009; (iv) John Tomsia; (v) Michal Loza; (vi) Sebastian Milkowicz; (vii) Rava Consulting Co.; (viii) Waldemar Wyszynski; (ix) BBL Enterprises, Inc.; (x) Administer Co., and (xi) Loza & Associates P.C.

Dated: _____

(signatures on following page)

| Philip V. Martino not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. | Steven R. Radtke, Trustee, not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of Marek Loza |
|---|---|
|  |  |


EXHIBIT 3

| | |
|---|---|
| Marek Loza | Sebastian Milkowicz; |
| Agnieszka Dominika Moore | John Tomsia |
| The Agnieszka Moore Trust<br>Dated April 30, 2009<br><br>By: _____<br>          Its Trustee | Rava Consulting Co<br><br><br>By: _____<br>Its: _____ |
| Michal Loza | Waldemar Wyszynski |
| BBL Enterprises, Inc.<br><br>By: _____<br>Its: _____ | Administer Co.<br><br>By: _____<br>Its: _____ |
| 2001 Fargo Inc.<br><br>By:<br><br>_____<br>Philip V. Martino not individually, but solely in his capacity as the duly appointed and acting Chapter 7 Trustee of 2001 Fargo, Inc. | Loza & Associates P.C.<br><br>By: _____<br>Its: _____ |